13-200-cv; 13-204-cv
Levitant v. City of N.Y. Human Res. Admin.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of March, two thousand fourteen.

PRESENT:  REENA RAGGI,
          DENNY CHIN,
                    *Circuit Judges,*
          MAE A. D'AGOSTINO,
                    *District Judge.*[*]

------------------------------------------------------------------------

ZINOVIY LEVITANT,

                    *Plaintiff-Appellant*,

                    v.                                No. 13-200-cv

THE CITY OF NEW YORK HUMAN RESOURCES ADMINISTRATION, DBA HUMAN RESOURCES ADMINISTRATION,

                    *Defendant-Appellee*.

------------------------------------------------------------------------

ZINOVIY LEVITANT,

                    *Plaintiff-Appellant*,

                    v.                                No. 13-204-cv

THE CITY OF NEW YORK HUMAN RESOURCES ADMINISTRATION, CHILD SUPPORT UNIT, DBA

---

[*] The Honorable Mae A. D'Agostino, of the United States District Court for the Northern District of New York, sitting by designation.

HUMAN RESOURCES ADMINISTRATION, ROBERT DOAR, individually and in his official capacity as Administrator and Commissioner of the City of New York Human Resources Administration, AIDA SANCHEZ, individually and in her official capacity as HRA Workers Compensation Representative, HILIT KROMAN, individually and in her official capacity as Attorney for New York City Human Resources Administration,

*Defendants-Appellees.*

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:               JOEL M. GLUCK, ESQ., Brooklyn, New York.

FOR APPELLEES:                         Susan Paulson, Assistant Corporation Counsel; Francis F. Caputo, of counsel; *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York.

Appeal from judgments of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *Judge*).[1]

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgments entered on December 13, 2012, are AFFIRMED.

Plaintiff Zinoviy Levitant, a Ukranian-born refugee from the former Soviet Union, appeals from judgments in two separate civil actions in which he alleged that his employer, the New York Human Resources Administration ("HRA"), and various city employees violated his rights under federal, state, and city laws. In the first action (No. 13-200-cv), a jury rejected Levitant's claims of discrimination based on race and national origin brought

---

[1] Though these two actions were not consolidated on appeal, they involve largely the same parties and the same course of employment, and we decide both appeals in this summary order.

pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, see 42 U.S.C. § 2000e et seq., but awarded him $250,000 in compensatory damages on his Title VII retaliation claim, see id. § 2000e-3(a). The district court nevertheless entered judgment as a matter of law in favor of HRA on Levitant's retaliation claim, see Fed. R. Civ. P. 50(b), and conditionally granted HRA's motion for a new trial pending this appeal, see Fed. R. Civ. P. 50(c), 59(a).

In the second action (No. 13-204-cv), Levitant sued under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., the Americans with Disabilities Act of 1990 ("ADA"), as amended, 42 U.S.C. § 12101 et seq., the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 et seq., and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq., for failure to provide him with medical leave, a reasonable work accommodation for his disability, workers' compensation leave, and for wrongful termination because of his disability, illness, and union activities. The district court awarded summary judgment to defendants upon their unopposed motion.

We assume the parties' familiarity with the facts and procedural history in these cases, which we reference only as necessary to explain our decision to affirm both judgments.

3

1. No. 13-200-cv

    a. Judgment as a Matter of Law

We review de novo judgment entered pursuant to Fed R. Civ. P. 50(b), using the same standards as the district court. See Tepperwien v. Entergy Nuclear Operations, Inc., 663 F.3d 556, 567 (2d Cir. 2011); Brady v. Wal-Mart Stores, Inc., 531 F.3d 127, 133 (2d Cir. 2008) (holding Rule 50(b) judgment contrary to jury verdict appropriate only "if there exists such a complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture, or the evidence in favor of the movant is so overwhelming that reasonable and fair minded persons could not arrive at a verdict against it" (alterations and internal quotation marks omitted)).

Title VII retaliation claims are analyzed under the familiar burden-shifting framework established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), and "according to traditional principles of but-for causation," University of Tex. Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2533 (2013). The district court found that the trial record supported the first two elements of a prima facie claim of retaliation: (1) Levitant's participation in protected activity, and (2) HRA's knowledge of that activity. Nevertheless, the district court concluded as a matter of law that Levitant failed to present sufficient evidence to establish that (3) he suffered a materially adverse employment action, and (4) retaliatory causation. On our own review of the record, and essentially for the reasons set forth by the district court in its thorough and thoughtful opinion, we conclude that judgment as a matter of law was correctly entered in favor of HRA.

4

i.      Materially Adverse Employment Actions

"Title VII does not protect an employee from all retaliation, but only retaliation that produces an injury or harm." Tepperwien v. Entergy Nuclear Operations, Inc., 663 F.3d at 569 (internal quotation marks omitted). To make the requisite showing of injury, Levitant had to demonstrate that a "reasonable employee" would have found the employer's challenged actions, whether considered separately or in the aggregate, "materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington N. & Sante Fe Ry. Co. v. White, 548 U.S. 53, 68 (2006) (internal quotation marks omitted); see Hicks v. Baines, 593 F.3d 159, 165 (2d Cir. 2010). An employer's actions need not be related to the terms and conditions of employment to be materially adverse for purposes of a Title VII retaliation claim. See Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. at 64, 70.

The district court persuasively explains why, with the exception of the failure to promote, HRA's challenged actions were not materially adverse as a matter of law. Individually, these actions were akin to those held to fall short of being materially adverse; viewed objectively through the eyes of a reasonable employee in Levitant's position, no one action would dissuade someone from maintaining a complaint or making future complaints.[2] See Rivera v. Rochester Genesee Reg'l Transp. Auth., — F.3d —, —, 2014 WL 518791, at *10–11 (2d Cir. 2014); Tepperwien v. Entergy Nuclear Operations, Inc.,

---

[2] Indeed, though not dispositive, it is relevant that Levitant himself was not dissuaded from making several more complaints after suffering these allegedly materially adverse actions. See Tepperwien v. Entergy Nuclear Operations, Inc., 663 F.3d at 572.

5

663 F.3d at 568–72. Moreover, no evidence was presented indicating that the actions, even if viewed in the aggregate, would have had such an effect. See Tepperwien v. Entergy Nuclear Operations, Inc., 663 F.3d at 572.

Thus, we agree with the district court that the trial evidence was insufficient as a matter of law to demonstrate that the actions other than the failure to promote could satisfy the injury element of a Title VII retaliation claim.

### ii. Denial of Promotion

It is well-established that a failure to promote is an adverse employment action. See Treglia v. Town of Manlius, 313 F.3d 713, 720 (2d Cir. 2002). The district court nevertheless held that the trial evidence was insufficient as a matter of law to permit any reasonable jury to find that Levitant proved failure to promote motivated by retaliatory animus. We agree, again, largely for the reasons stated by the district court.

The promotion at issue went to two candidates who achieved higher scores than Levitant on the test used to select interviewees. No trial evidence rebuts this legitimate non-discriminatory reason for promoting these applicants over Levitant. Although Levitant, who had the third highest score on the test, points to some evidence suggesting that promotions could have been made among the top three candidates, he adduced no trial evidence indicating that HRA had, in filling other positions, passed over the first or second highest scorer in promoting the third highest scorer. Levitant nevertheless asserts that the jury could have found "but-for" causation from the fact that his interviewer was the same person against whom he had filed a discrimination complaint, his interviewer did not look

6

him in the eye, the interview was brief and routine, and he received his rejection minutes after the interview. These facts are insufficient to admit a preponderance finding of but-for causation, see University of Tex. Sw. Med. Ctr. v. Nassar, 133 S. Ct. at 2533, in the absence of any evidence that the successful candidates' interviews were longer or different in kind from his own, or that unsuccessful candidates for other promotions received their decisions on a different timeline than he did.

In sum, the factual record before the jury did not admit a finding of causation necessary to a Title VII retaliation claim. Accordingly, we affirm the district court's Rule 50(b) judgment, and do not need to reach its conditional grant of a new trial pursuant to Fed. R. Civ. P. 59(a).

2.    No. 13-204-cv

We review an award of summary judgment de novo, resolving all ambiguities and drawing all inferences in favor of the non-movant, and we will affirm only if the record reveals no genuine dispute of material fact. See Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986); Nagle v. Marron, 663 F.3d 100, 104–05 (2d Cir. 2011). Even when unopposed, a motion for summary judgment should be granted only when the moving party has met its burden of establishing no genuine dispute of material fact and its entitlement to judgment as a matter of law. See Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004). At the same time, however, a party who failed to oppose a motion and to put before the district court evidence that might give rise to a question of fact has forfeited his ability to complain on appeal that the district

court did not itself solicit materials beyond those made part of the record. In short, a party who failed to oppose a summary judgment motion in the district court will not be heard to complain on appeal that evidence not before the district court could raise a material issue of fact. He will only be heard to complain of error in the district court's ruling on the record that was before it. See Allianz Ins. Co. v. Lerner, 416 F.3d 109, 114 (2d Cir. 2005) (noting that court of appeal will not consider argument not raised below except to prevent manifest injustice or where argument involves only question of law, rather than any fact-finding); see also Fed. R. App. P. 10(a)(1) (limiting record on appeal to original papers and exhibits filed in district court). Finally, we note that we may affirm for any reason that finds support in the record. See 10 Ellicott Square Court Corp. v. Mountain Valley Indem. Co., 634 F.3d 112, 115 (2d Cir. 2011).

Applying these standards here, we agree with the district court that defendants were entitled to summary judgment. The record before the district court failed to establish a prima facie case of interference or retaliation under the FMLA, see Sista v. CDC Ixis N. Am., Inc., 445 F.3d 161, 176 (2d Cir. 2006) (concluding that under either interference or retaliation claim under FMLA, plaintiff must demonstrate that defendants considered his FMLA leave and request to return as "negative factor" in termination decision); to rebut defendants' proffered reason as pretextual, see id.; to establish a prima facie case of retaliation under the ADA to the extent claims were not time-barred, see Mitchell v. Washingtonville Cent. Sch. Dist., 190 F.3d 1, 9 (2d Cir. 1999) (holding that plaintiff's failure to establish that he could perform job duties with reasonable accommodation

8

necessarily means failure to make out prima facie ADA claim); and to show the discriminatory animus necessary to support a NYSHRL or NYCHRL claim even under the latter's more liberal framework, see Mihalik v. Credit Agricole Cheuvreux N. Am., Inc., 715 F.3d 102, 110 (2d Cir. 2013) (stating that NYCHRL claims require showing discriminatory or retaliatory motive).

Nor is a different conclusion warranted by Levitant's argument that defendants failed to submit full deposition transcripts to the district court, relying instead on excerpts. Levitant concedes that complete transcripts need not be filed in the ordinary course, see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (party moving for summary judgment bears initial burden of "identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" (emphasis added and internal quotation marks omitted)), and he fails to point to any instance in which the excerpts presented misled the district court or where a full transcript would have revealed a dispute of material fact. Instead, Levitant argues that the excerpts omitted many portions of testimony, but that fact alone does not raise a dispute so as to defeat summary judgment. Moreover, the district court noted that it conducted an independent review of the record beyond the submissions of defendants and concluded therefrom that summary judgment was warranted. In such circumstances, we conclude that summary judgment was correctly awarded to defendants.

9

### 3.   Conclusion

We have considered all of Levitant's remaining arguments and conclude that they are without merit.   Accordingly, for the foregoing reasons, the judgments of the district court are AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court